IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| JOHN SANCHEY, | Cause No. CV 13-107-M-DWM-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| KIRKEGARD / FOX, | |
| Respondents. | |

On May 31, 2013, Petitioner John Sanchey submitted a petition for writ of habeas corpus. Sanchey is a state prisoner proceeding pro se.

Sanchey's original submission alleged "[t]hey used coe[rcion] and duress thus causing me to plead guilty (invol[u]ntary)," "14th Amendment violation of due process," and "[c]ounsel failed to defend me in an [e]ffective manner." Pet. (doc. 1) at 4, 5.

On June 4, 2013, Sanchey was ordered to clarify whether he intended to proceed in the Montana Supreme Court or in this Court. See Pet. at 1 (citing state statute). In the event he intended to proceed in this Court, Sanchey was provided a

1

form petition and required to complete it.

Sanchey filed an Amended Petition on June 12, 2013. The Amended Petition alleged "[t]hey used coe[rcion] and duress thus causing me to plead guilty (invol[u]ntary[)]," "14th Amendment violation of due process," and "I did not receive [e]ffective assistance of counsel, would ask this Court to use Federal guidelines at this time." Am. Pet. (doc. 3) at 3 ¶ 15A, 4 ¶ 15B, 5 ¶ 15C. These allegations, like those in the first petition, were not specific to Sanchey's case and did not "enable the court to see a real possibility of constitutional error." *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1979), *cited in Calderon v. United States Dist. Court*, 98 F.3d 1102, 1106 (9th Cir. 1996). In addition, because judgment was entered against Sanchey on or about November 8, 2000, it appeared that any claims against his conviction or sentence were grossly untimely. Am. Pet. at 2 ¶¶ 1-5; *see also* ConWeb, https://app.mt.gov/conweb (accessed July 29, 2013) (listing tampering with evidence in addition to homicide and use of a weapon). Such claims also appeared to be procedurally barred as well; Sanchey indicated he had never presented claims in state court, Am. Pet. at 2-3 ¶¶ 8-14, and the Court located no records under Sanchey's name in the Montana Supreme Court's online database.

Nonetheless, on July 31, 2013, Sanchey was given a third opportunity to "set out substantive facts that will enable the court to see a real possibility of

constitutional error." *Aubut*, 431 F.2d at 689. He was instructed that, for example, instead of stating simply "ineffective assistance of counsel," Am. Pet. (doc. 3) at 5 ¶ 15C, he must describe what actions his counsel did or did not take and explain how he was prejudiced by counsel's actions or omissions. *See* Second Order to Pet'r (doc. 4) at 2. He was also required to explain to the Court what steps he took to attempt to file his federal petition on time and what prevented him from filing it on time, as well as why he did not present claims in state court and whether he made any attempt to do so. *Id.* at 3. Sanchey was required to respond on or before September 2, 2013. *Id.* at 3 ¶ 1.

Sanchey responded on August 9, 2013. Sanchey alleges that counsel erred by missing a court hearing and so failed to object at the hearing. He also contends that coercion and duress "play[] into this because I was in jail, thus causing me to believe I had no alternative but to plead guilty." Resp. to Order (doc. 5) at 1, 2. Sanchey states:

> I need appointment of counsel, to help investigate, and to properly bring forward evidence that will help prove these constitutional violations, also looking into other violations as well, am not an attorney. So I hope this is all being filed correctly.

*Id.* at 1.

Sanchey is filing correctly. But the facts he alleges do not amount to

constitutional violations. Of course, counsel could not object if he was not present at a hearing, but Sanchey does not claim the trial court took any action or made any decision at a critical phase of the proceeding while Sanchey was unrepresented. *United States v. Cronic*, 466 U.S. 648, 659 & nn.25-26 (1984). Being in custody, similarly, is to some extent inherently prejudicial, *cf. Barker v. Wingo*, 407 U.S. 514, 520-21 (1972), but defense counsel, the prosecutor, and the trial court all have constitutional obligations to ensure that a defendant understands what he is giving up and what consequences he will face by pleading guilty. Sanchey provides no support for an inference that his guilty plea was actually coerced or involuntary.

Further, the law does not support appointing counsel to investigate whether constitutional violations may have occurred in the process that led up to the entry of judgment against Sanchey – particularly now that so many years have passed. "Habeas corpus is not a general form of relief for those who seek to explore their case in search of its existence." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1106 (9th Cir. 1996) (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1979)). "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Appointment of counsel, therefore, is not

in the interests of justice. 18 U.S.C. § 3006A(a)(2)(B).

Sanchey has had three opportunities – in his initial filing, in his Amended Petition, and in his response to the Court's Order of July 31 – to "set out substantive facts that will enable the court to see a real possibility of constitutional error." *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1979), *cited in Calderon v. United States Dist. Court*, 98 F.3d 1102, 1106 (9th Cir. 1996). He has not done so. The case should be dismissed.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, there is no reason to encourage further proceedings. Aside from the formidable time-bar and procedural bar, Sanchey's sparse factual allegations fail to support an inference that he was deprived of a constitutional right. A COA should be denied.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. The Petition and Amended Petition (docs. 1, 3) should be DISMISSED.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Sanchey may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Sanchey files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Sanchey from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and

Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Sanchey must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of this case without notice to him.

DATED this 12th day of September, 2013.

*Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge